## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD L. DECKER,

                    **Petitioner,**

        **v.**                          **CASE NO. 19-3210-SAC**

DAN SCHNURR,

                    **Respondent.**


## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending. The Court has conducted an initial screening of this matter under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### Background

Petitioner challenges his conviction of first-degree murder. He was convicted in 2001, and the conviction was affirmed in 2003. *State v. Decker*, 66 P.3d 915 (Kan. 2003).

### Discussion

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  The date on which the impediment to filing an

       application created by State action in violation of
       the Constitution or laws of the United States is
       removed, if the applicant was prevented from filing
       by such State action;

(C)   The date on which the constitutional right asserted
       was initially recognized by the Supreme Court, if the
       right has been newly recognized by the Supreme Court
       and made retroactively applicable to cases on
       collateral review; or

(D)   The date on which the factual predicate of the claim
       or claims presented could have been discovered through
       the exercise of due diligence.

28 U.S.C. § 2244(d)(1).


The statute also contains a tolling provision:

The time during which a properly filed application for State
post-conviction or other collateral review with respect to
the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808

(internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id.*

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

In this case, petitioner's appeal was decided by the Kansas Supreme Court in April 2003, and the limitation period began to run three months later, when the time for seeking review in the United States Supreme Court expired. Unless tolled, the limitation period expired in 2004.

Although the petition suggests that a related action is pending, the Court has found no record of any such action in on-line records maintained by the Kansas appellate courts and by the District Court of Jefferson County. The Court therefore will direct petitioner to show cause why this matter should not be dismissed due to his failure to seek federal habeas corpus within the one-year limitation period. The failure to file a timely response may result in the dismissal of

this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including November 15, 2019, to show cause why this matter should not be dismissed as time-barred.

**IT IS SO ORDERED.**

DATED:  This 15th day of October, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge