# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RONALD L. DECKER,**

        **Petitioner,**

        v.                                    CASE NO. 19-3210-SAC

**DAN SCHNURR,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On October 15, 2019, the Court entered an Order to Show Cause (OSC) directing petitioner to show cause why this matter should not be dismissed as time-barred. Petitioner filed a timely response. For the reasons that follow, the Court concludes this matter must be dismissed.

## Background

Petitioner was convicted in 2001 of first-degree murder. *State v. Decker*, 66 P.3d 915 (Kan. 2003). As explained in the OSC, this action is subject to the one year limitation period established in 28 U.S.C. § 2244(d)(1). Unless tolled, the limitation period expired in 2004.

## Discussion

Petitioner's response to the OSC states that he began to research his claims in 2002 and that he was not aware of the limitation period. He also appears to argue that his conviction of first-degree murder should be reduced to manslaughter because he committed the crime in the heat of passion, that he was denied due process during his criminal trial, that he received ineffective assistance of counsel, and that cumulative error made the trial unfair.

The record does not support any ground for statutory tolling, as petitioner has not identified any state court action commenced after the 2003 decision of the Kanas Supreme Court affirming his conviction. And, while petitioner argues that he was unaware of the one year limitation period for filing a petition under 28 U.S.C. §2254, it is settled that ignorance of the law is not a sufficient basis for equitable tolling. *See, e.g., Collum v. Benzon*, ___ Fed. Appx. ___, 2019 WL 4390518 (10th Cir. Sep. 13, 2019)(stating "vague assertions of diligence, legal ignorance, and lack of access to prison contract attorneys" were insufficient to support equitable tolling) and *Ramirez v. Allbaugh*, 771 Fed. Appx. 458, n. 5 (10th Cir. 2019)(stating that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"(quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Finally, none of petitioner's arguments suggests that he is entitled to equitable relief on the ground of actual innocence.

The Court concludes this matter is subject to dismissal as time-barred.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to timely file this matter is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as time-barred.

IT IS FURTHER ORDERED no certificate of appealability will issue.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is granted.

**IT IS SO ORDERED.**

DATED:  This 18th day of November, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge